United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DATAMIZE LLC,                              No   C-02-5693 VRW

    Plaintiff,                            ORDER

    v

PLUMTREE SOFTWARE, INC,

    Defendant.
_____/

By order dated July 9, 2004, the court granted defendant's motion for summary judgment of invalidity. Doc #71. Because this invalidated the lone independent claim of the only patent-in-suit, the order terminated this case. Id. Defendant has submitted a bill of costs, which the clerk has taxed and of which plaintiff now seeks review. Doc #90. Defendant has moved for an award of attorney fees pursuant to the fee-shifting provision of the patent statute, 35 USC § 285. For the reasons that follow, the court DENIES plaintiff's motion for review of the taxing of costs and DENIES defendant's motion for an award of attorney fees.
/

I

The court first takes up the matter of costs. FRCP 54(d)(1) directs that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The categories of taxable costs are enumerated in 28 USC § 1920. Plaintiff's objection to defendant's bill of costs concerns a charge of $10,326.58 for copying of documents in response to Plaintiff's discovery requests. Pl Mot Review Costs (Doc #90) at 2. 28 USC § 1920(4) provides that "fees for exemplification and copies of papers necessarily obtained for use in the case" are taxable. Civ L R 54-3(d)(1) interprets 28 USC § 1920(4) to mean that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable."

Defendant's successful motion for summary judgment was predicated on a purely legal issue and required virtually no discovered materials. Plaintiff objects that, as such, the documents whose cost of reproduction defendant now seeks to tax were not "necessarily obtained for use in the case" under 28 USC § 1920(4). Plaintiff further objects that the discovery in question could have been avoided had defendant not delayed filing of its motion for summary judgment of invalidity.

Neither of plaintiff's arguments is well-taken. There is no suggestion that reproduction of materials in response to plaintiff's request was unnecessary at the time; it is only in hindsight that it was unnecessary. Disallowing those costs would make defendant a victim of its own success. Plaintiff's argument that the discovery responses were unnecessary because they could

2

have been avoided had defendant moved for summary judgment sooner begs the question:  Defendant argues convincingly that its motion for summary judgment of invalidity could not reasonably have been made before defendant received plaintiff's proposed construction of the claim term ("aesthetically pleasing") that was the subject of defendant's motion for summary judgment.  See Def Opp (Doc #104) at 4.  Defendant points out -- and plaintiff does not dispute in its reply -- that the motion for summary judgment was filed promptly after defendant received plaintiff's proposed construction of "aesthetically pleasing."

Accordingly, plaintiff's motion for review of the taxing of costs (Doc #90) is DENIED and the clerk's taxing of $15,310.13 is AFFIRMED.

II

Next, the court takes up the issue of attorney fees. Title 35 USC § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  The questions, of course, are what does "exceptional" mean, and is this case exceptional.  As one commentator has summarized:

> Counsel fees are not to be allowed as a matter of course and should not be allowed in the ordinary, typical patent suit.  The exercise of discretion in favor of allowance should be bottomed on a finding of unfairness or bad faith in the conduct of the losing party or some other equitable consideration of similar force which makes it grossly unjust that the winner of the lawsuit be left to bear the burden of his own counsel fees.

Martin M Heit, <u>Misconduct Related to Litigation as Rendering Patent Case "Exceptional" for Purposes of 35 USCA § 285</u>, 64 ALR Fed 175 §

1  2[a] (2004) (footnotes omitted).  Likewise, the Federal Circuit has
2  stated:
3
>           The prevailing party may prove the existence of
>           an exceptional case by showing: inequitable
>           conduct before the PTO; litigation misconduct;
>           vexatious, unjustified, and otherwise bad faith
>           litigation; a frivolous suit or willful
>           infringement.

7  <u>Epcon Gas Systems, Inc v Bauer Compressors, Inc</u>, 279 F3d 10222,
8  1034 (Fed Cir 2002).
9           This case does not present willful infringement (the
10 patentee lost), nor does it involve inequitable conduct before the
11 PTO (the patent was held invalid) -- two of the most common
12 circumstances giving rise to a fee award under § 285.  The only
13 tenable ground for a fee award here is frivolous, vexatious bad
14 faith litigation.  "'An exceptional case must be established by
15 clear and convincing evidence.'"  <u>Advance Transformer Co v
16 Levinson</u>, 837 F2d 1081, 1085 (Fed Cir 1988) (quoting <u>Reactive
17 Metals & Alloys Corp v ESM Inc</u>, 769 F2d 1578, 1582 (Fed Cir 1985),
18 overruled on other grounds, <u>Cardinal Chemical Co v Morton
19 International, Inc</u>, 508 US 83 (1993).
20          Plaintiff's litigation position regarding the patent's
21 validity was not well supported in the law -- indeed, that is
22 precisely why the court ruled against it.  But by the same token,
23 plaintiff's position was not essentially frivolous.  And while
24 defendant has filled many pages to insinuate that plaintiff
25 triggered this litigation in bad faith, none of it is sufficient
26 for the court to find <u>by clear and convincing evidence</u> that bad
27 faith was involved.  On the facts before the court, defendant
28 cannot carry its burden.  Accordingly, defendant's motion for

United States District Court
For the Northern District of California

attorney's fees is DENIED.

### III

Finally, the court takes up certain administrative matters.  Plaintiff's motion to continue the hearing on defendant's motion for attorney fees (Doc #91) is administratively TERMINATED.  Defendant's motion to seal (Doc #100) its reply brief in support of its motion for attorney fees (Doc #98, redacted public version) is GRANTED.

For the reasons given above, defendant's motion for attorney fees (Doc #76) is DENIED.  Plaintiff's motion for review of the taxing of costs (Doc #90) is DENIED and the clerk's taxing of costs in the amount of $15,310.13 is AFFIRMED.

IT IS SO ORDERED.



VAUGHN R WALKER

United States District Chief Judge